Woodrow A. KANTNER and Carolyn Weaver, Plaintiffs,

v.

MARTIN COUNTY, Defendant.

Woodrow A. KANTNER and Young Men's Christian Association of Martin County, Plaintiffs,

v.

MARTIN COUNTY, Defendant.

Woodrow A. KANTNER, Trustee, Plaintiff,

v.

MARTIN COUNTY, Defendant.

Nos. 94–14092–CIV to 94–14094–CIV.

United States District Court, S.D. Florida, Miami Division.

May 30, 1996.

Thomas Warner, Tim B. Wright, Warner Fox Seeley Dungey & Sweet, Stuart, FL, for Plaintiff.

Nancy E. Stroud, Burke, Weaver & Prell, Boca Raton, FL, Gary K. Oldehoff, Fred W. Van Vonno, County Attorney's Office, Stuart, FL, for Defendant.

### ORDER MODIFYING MAGISTRATE'S REPORT AND RECOMMENDATION

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment (DE # 73).

THE MATTER was referred to United States Magistrate Judge Frank L. Lynch. A Report and Recommendation dated March 22, 1996 has been filed, recommending that Defendant Martin County's Motion for Summary Judgment be denied. Defendant has filed an objection to the report and recommendation. Plaintiffs have filed a response to Defendant's objection.

After a *de novo* review of the entire record herein, the Court enters the following Order modifying the Magistrate's Report and Recommendation and granting Defendant's Motion for Summary Judgment.

### BACKGROUND

This is a consolidated action arising out of three cases involving different properties. This case involves three properties located on the South Fork of the St. Lucie River: Lost River Manor, Lost River Bend, and Lost River Cove. Plaintiff Woodrow A. Kantner ("Kantner") is the common property owner. For each of the three properties, the respective Plaintiffs submitted an application for master plan approval, allegedly in accordance with the property's existing land use designation and existing zoning district. Further, the proposed master plan allegedly was submitted in accordance with applicable zoning regulations and comprehensive growth management policies. Martin County granted the applications but placed various conditions on the projects.

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Martin County ("Martin County") acted arbitrarily and unreasonably in placing conditions on Plaintiffs' applications and violated Plaintiffs' substantive due process and equal protection rights. Plaintiffs seek damages, a permanent injunction, a mandatory injunction and costs for these alleged violations.

### I. Case Number 94–14092–CIV–MOORE: The Lost River Manor Project

The plaintiffs in this case are Kantner and Carolyn Weaver ("Weaver"). The Lost River Manor Project consists of 25.19 acres. The existing Comprehensive Plan future land use designation is low density residential. The existing zoning is A–1A; the proposed zoning is RS–7.5. Kantner and Weaver also applied to Martin County for residential subdivision approval. The Florida Department of Environmental Regulation ("FDER") and the Army Corps of Engineers ("COE") had approved permits for seven boat slips. In approving the application, Martin County imposed conditions which denied lots 25–42 the ability to apply for a single family dock permit, and restricted docks on lots 1–14 to davit-hoisted.

### II. Case Number 94–14093–CIV–MOORE: The Lost River Bend Project

The plaintiffs in this case are Kantner and the Young Men's Christian Association ("YMCA"). The Lost River Bend Project consists of 34.19 acres. The existing Comprehensive Plan for future land use is low density residential. The existing zoning is R–3A, liberal multi-family, and A–1A, agricultural. The proposed zoning is RS–7.5, which would permit single family units with a minimum lot size of 7,500 square feet. Kantner and the YMCA applied to Martin County for residential subdivision approval. The FDER and COE had approved permits for 33 boat slips. Martin County approved the application but again imposed conditions on the project which reduced the number of boat slips from 16 to 0, denied lots 31–33 the ability to apply for a single family dock permit, restricted docks 9–11 and 22 to davit-

hoisted, and required the sale of sixty feet of property for future public right-of-way purposes for a fair price to be determined by the Defendant.

### III. Case Number 94–14094–CIV–MOORE: The Lost River Cove Project

The plaintiff in this case is Kantner, as Trustee. The Lost River Cover Project consists of 12.65 acres of land. The existing Comprehensive Plan for future land use designation is marine waterfront commercial. The existing zoning is R–3A which is liberal multi-family and waterfront resort commercial. Kantner applied to Martin County to develop a 25 lot residential subdivision and a commercial marina. Martin County approved Kantner's application but placed conditions on the Project by reducing the number of boat slips from 80 to 33, denying commercial use of the marina, and denying construction of a vertical seawall.

### DISCUSSION

### I. Summary Judgment Standard

The standard to be applied in reviewing a summary judgment motion is stated unambiguously in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment may be entered only where there is *no* genuine issue of material fact. *See Twiss v. Kury,* 25 F.3d 1551 (11th Cir.1994). The moving party has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favor-

able to the party opposing the motion. *Adickes,* 398 U.S. at 157, 90 S.Ct. at 1608. However, the non-moving party:

> [m]ay not rest upon the mere allegations and denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed.R.Civ.P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. *Anderson,* 477 U.S. at 254, 106 S.Ct. at 2513. If the non-movant in a summary judgment action fails to adduce evidence which would be sufficient, when viewed in a light most favorable to the non-movant, to support a jury finding for the non-movant, summary judgment may be granted. *Id.* at 254–55, 106 S.Ct. at 2513–2514.

Additionally, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *Id.*

### II. Substantive Due Process Claim

█ There are two components to the Due Process Clause of the Fourteenth Amend-

ment: procedural and substantive. The substantive component of the Due Process clause ensures against "certain government actions regardless of the fairness of the procedures used to implement them." *Collins v. City of Harker Heights, Texas,* 503 U.S. 115, 125, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992) (quoting *Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986). The substantive due process clause protects "fundamental" rights, *i.e.,* rights that are "implicit in the concept of ordered liberty." *Palko v. Connecticut,* 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937)).

The Supreme Court has been hesitant to address the limits of a substantive due process claim and has recognized on more than one occasion, "the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this uncharted [sic] area are scarce and open-ended." *Collins,* 503 U.S. at 125, 112 S.Ct. at 1068; *Regents of University of Michigan v. Ewing,* 474 U.S. 214, 225–226, 106 S.Ct. 507, 513–514, 88 L.Ed.2d 523 (1985). The Supreme Court has held that most, but not all, of the rights enumerated in the Bill of Rights are fundamental and merit substantive due process protection. *See Skinner v. City of Miami, Fla.,* 62 F.3d 344, 347 (11th Cir.1995). Further, the Supreme Court has found that certain unenumerated rights, such as the right to privacy, also merit substantive due process protection. *Id.* (citation omitted). On the other hand, the Supreme Court has held that rights created by state law, such as tort law and employment law, should not be accorded substantive due process protection. *Ewing,* 474 U.S. at 229, 106 S.Ct. at 515.

In *McKinney v. Pate,* 20 F.3d 1550 (11th Cir.1994) (en banc), *cert. denied, McKinney v. Osceola County Bd. Of County Com'rs,* — U.S. —, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995), the Eleventh Circuit addressed the limits of a substantive due process claim.[1] In *McKinney,* the plaintiff commenced an action alleging that his termination as a county employee was an arbitrary and capricious deprivation of his state-created property interest in his employment. In overturning prior Eleventh Circuit law, the *McKinney* court held that "areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because substantive due process rights are created only by the Constitution." *Id.* at 1556 (quoting *Ewing,* 474 U.S. at 229, 106 S.Ct. at 515 (Powell, J., concurring)). The *McKinney* court, however, noted that its holding foreclosing substantive due process claims applied only to "executive" or "non-legislative" acts.[2] *Id.* at 1557, 1560.

*McKinney* is the principal case that Defendant Martin County relies on in support of its motion for summary judgment. Martin County argues that *McKinney* forecloses Plaintiffs' substantive due process claims since the acts complained of in the instant action are non-legislative. In opposing Martin County's motion for summary judgment, Plaintiffs question whether *McKinney* is applicable in zoning cases and counter that there is overwhelming precedent in the Eleventh Circuit that a property owner may assert a substantive due process claim.

The Court finds that *McKinney* is applicable to zoning decisions since the rights creat-

---

1. The *McKinney* court also examined the differences between procedural and substantive due process protection. Substantive due process rights differ from its procedural counterpart in the manner in which they occur and the remedy sought by the plaintiff. In a substantive due process claim, the violation is complete when it occurs. Accordingly, a plaintiff generally seeks compensatory damages for the value of the deprived right. In a procedural due process claim, the violation is not complete "unless and until the State fails to provide due process." Therefore, the procedural due process plaintiff gener-

ally seeks equitable relief although compensatory relief may also be sought.

2. The *McKinney* court defined an executive act as one which applies to a limited number of persons and typically arises from ministerial or administrative activities of members of the executive branch. *Id.* at 1557 n. 9. A legislative act, on the other hand, generally applies to a larger segment of society and includes laws and broad-ranging executive regulations. *Id.*

ed in the zoning context arise under state law rather than the Constitution. Insofar as *McKinney* overturned prior Eleventh Circuit law, the Court finds that the only potentially relevant, post-*McKinney*, case cited by Plaintiffs is *Restigouche, Inc. v. Town of Jupiter*, 59 F.3d 1208 (11th Cir.1995).

In *Restigouche*, the plaintiff commenced an action after the defendant town denied an application to build an automobile campus. In that case, the plaintiff challenged the constitutionality of the town's regulation prohibiting automobile sales—a legislative act—and the town's application of the regulation to the plaintiff. Although the court permitted the plaintiff's substantive due process claim, as applied, the court ultimately determined that the town's regulation passed constitutional muster.

The *Restigouche* case, however, does not further Plaintiffs' position since *Restigouche* involved legislative acts while the instant action concerns non-legislative acts, *i.e.*, acts which are not subject to substantive due process protection. Unlike the plaintiff in *Restigouche*, Plaintiffs in the instant action do not challenge the validity of Martin County's zoning regulations and comprehensive growth management policies. Rather, Plaintiffs assert that Martin County failed to apply these regulations and policies properly when making their decisions on Plaintiffs' Lost River projects. This type of challenge is limited to Plaintiffs and focuses on the correctness of Martin County's decision. No other conclusion can be reached that the acts complained of in the instant action are non-legislative [3] and, accordingly, do not give rise to a substantive due process claim.

The instant action is more akin to *Boatman v. Town of Oakland, Florida*, 76 F.3d 341 (11th Cir.1996). In *Boatman*, the plaintiffs challenged the defendant's refusal to direct a building inspector to grant the plaintiffs a certificate of occupancy. In rejecting the plaintiffs' substantive due process claim, the Eleventh Circuit stated, "[t]he notion that the Constitution gives a property owner a substantive right to a correct decision from a government official ... is novel indeed." *Id.*, at 346. Accordingly, the Court finds that Plaintiffs do not have cognizable substantive due process claims arising out of Martin County's alleged "incorrect" land use decisions.

Even if the Court accepts Plaintiffs' argument that they have substantive due process rights arising out of the conditions imposed by Martin County, the Plaintiffs cannot support their claim. The Eleventh Circuit has held that, in a substantive due process claim (also termed an "arbitrary and capricious due process claim"), "a plaintiff claims that the application of a zoning regulation to his property is arbitrary and capricious, does not bear a substantial relation to the public health, safety, morals or general welfare, and is therefore an invalid exercise of the police power." *Tari v. Collier County*, 56 F.3d 1533, 1535 (11th Cir.1995) (citing *Eide v. Sarasota County*, 908 F.2d 716, 721 (11th Cir.1990)).

■ A substantive due process challenge to a zoning decision is analyzed under the rational basis test. *Restigouche*, 59 F.3d at 1214. Under the rational basis test, a zoning decision will be upheld if it can be shown that it has a rational relationship with a legitimate general welfare concern. *Id.* (citing *Corn v. City of Lauderdale Lakes*, 997 F.2d 1369, 1388 (11th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1400, 128 L.Ed.2d 73 (1994)).

■ The Eleventh Circuit has enunciated a two-step analysis in determining whether a zoning decision passes the rational basis test: (1) whether a legitimate government purpose which the enacting government body could have been pursuing can be identified; and (2) whether a rational basis exists for the enacting government body to believe that the leg-

---

3. Plaintiffs characterize Martin County's acts as quasi-judicial. Whether the challenged acts are executive or quasi-judicial is irrelevant since *McKinney* forecloses non-legislative act cases.

Apparently, for the first time during oral argument, Plaintiffs posed the argument that the acts complained of were legislative.

islation would further the hypothesized purpose. *Id.* (citing *Haves v. City of Miami,* 52 F.3d 918, 922–23 (11th Cir.1995)).

Under the first prong of the rational basis test, the actual motivations of the enacting governmental body are entirely irrelevant. *Haves,* 52 F.3d at 921 (citations omitted). In fact, the Equal Protection Clause does not require the governmental body to articulate any reason for its action and it does not require any record evidence of a legitimate purpose. *Id.* at 922 (citations omitted).

With respect to the second prong of the rational basis test, "the proper inquiry is concerned with the *existence* of a conceivably rational basis, not whether that basis was actually considered by the legislative body." *Haves,* 52 F.3d at 922 (citation omitted). Clearly it is rather simple for a government body to point to a "conceivably rational basis." However, it is quite difficult for a plaintiff to overcome the presumption that a rational basis exists for the zoning decision. The plaintiff has the heavy burden "to negative every conceivable basis which might support it." *Id.* at 922 (citing *F.C.C. v. Beach Communications,* 508 U.S. 307, 314–316, 113 S.Ct. 2096, 2102, 124 L.Ed.2d 211 (1993)).

Martin County claims that it had rational bases for placing conditions on Plaintiffs' projects. Martin County asserts that its decision to place conditions on Plaintiffs' land use projects was motivated by its desire (1) to protect the West Indian Manatees, an endangered species inhabiting the South Fork of the St. Lucie River, (2) to preserve the ecological integrity of the South Fork of the St. Lucie River, and (3) to comply with applicable laws and regulations. *See* Affidavit of Susan F. Adams, ¶ 13. The Court finds that Martin County has identified rational bases for its land use decisions.

Plaintiffs now have the heavy burden of demonstrating that Martin County could not possibly have relied on its stated purpose in making its land use decisions. *See Resti-*

*gouche,* 59 F.3d at 1214; *Haves,* 52 F.3d at 923. Plaintiffs submit affidavits from Kantner, Don Deis, Dallas Durrance, Michael Lewis and Morris Crady, but these affidavits merely question Martin County's motives in placing conditions on Plaintiffs' land use projects. For instance, Kantner's affidavit implies that Martin County's motives in placing the conditions on Plaintiff's projects were political. Evidence of improper motive, while it may constitute issues of fact, does not create issues of material fact for summary judgment purposes since actual motive is irrelevant to the rational basis test. *See Haves,* 52 F.3d at 923. Since Plaintiffs do not present any facts which counter Martin's alleged rational bases for placing conditions on Plaintiffs' land use projects, the Court finds that Martin County did not abridge Plaintiffs' substantive due process rights.

### III. Equal Protection Claim

Plaintiffs also bring a claim alleging that Martin County's actions violated their rights under the Equal Protection Clause of the Fourteenth Amendment. The parties appear to dispute whether Plaintiffs are similarly situated with other landowners. Assuming for purposes of this summary judgment motion that Plaintiffs can bring an equal protection claim, the Court finds that Martin County passes the rational basis test. *See Harrah Independent Sch. Dist. v. Martin,* 440 U.S. 194, 199–201, 99 S.Ct. 1062, 1065, 59 L.Ed.2d 248 (1979) (citations omitted) (if a plaintiff has not asserted or established the existence of any suspect classification or the deprivation of any fundamental constitutional right, the only inquiry is whether the state's action is "rationally related" to the state's objective). The rational basis test is the same as that utilized in a substantive due process claim. *Restigouche,* 59 F.3d at 1214 n. 6; *Haves,* 52 F.3d at 921–922. Accordingly, the Court need not reiterate its analysis of whether Martin County's actions are rationally related to its objectives. The Court finds that there exists no material facts in dispute which warrant denial of Martin County's motion for summary judgment on Plaintiffs' equal protection claim.

**CONCLUSION**

Accordingly, it is ORDERED AND AD-JUDGED that Defendant's Motion for Summary Judgment be, and the same is, hereby GRANTED. This consolidated case (which consists of case numbers 94–14092–CIV–MOORE, 94–14093–CIV–MOORE, and 94–14094–CIV–MOORE) is CLOSED. All pending motions not otherwise ruled on are DENIED AS MOOT.

DONE AND ORDERED.