678 So.2d 1365 (1996)
Benjamin R. JACOBI, as Trustee, and Jay Fensterstock, Appellants,
v.
CITY OF MIAMI BEACH, and City of Miami Beach Board of Adjustment, Appellees.
No. 96-205.
District Court of Appeal of Florida, Third District.
August 21, 1996.
*1366 Bruce S. Rogow and Beverly A. Pohl, Ft. Lauderdale, for appellants.
Tew & Beasley and Kathy Adams Gibbs, Miami, for appellees.
Before NESBITT, GREEN and SHEVIN, JJ.
SHEVIN, Judge.
Benjamin R. Jacobi, as Trustee, and Jay Fensterstock [collectively "property owners"] appeal a final summary judgment in favor of the City of Miami Beach ["City"] and the City of Miami Beach Board of Adjustment ["Board"]. We affirm.
This action arose from the property owners' attempt to obtain approval to reconfigure two lots and to build a house on one of the lots. The property consisted of two lots; however, an existing house on one lot overlapped onto the other lot. The owners sought to reconfigure the lots into a lot with the existing house and an undeveloped lot where a house would be built. The City of Miami Beach Department of Planning and Zoning approved the proposed reconfiguration and issued a building permit. Upon the neighbors' appeal, the Board disapproved the reconfiguration resulting in abatement of the permit. Following a successful appeal to the appellate division of the circuit court, the property owners obtained Board approval. Subsequently, the property owners filed a complaint against the City and the Board asserting claims for inverse condemnation and substantive due process violation of 42 U.S.C.A. section 1983 (West 1994). The property owners sought damages for losses incurred as a result of the erroneous Board decision. The trial court entered summary judgment in favor of defendants.
The trial court properly granted summary judgment on the inverse condemnation claim. In Tampa-Hillsborough County Expressway Auth. v. A.G.W.S. Corp., 640 So.2d 54, 58 (Fla.1994), the Florida Supreme Court stated that "[a] taking occurs where regulation denies substantially all economically beneficial or productive use of land.... [and, that a] temporary deprivation may constitute a taking." (emphasis added) The record demonstrates that the property owners can not satisfy this test. During the period in question, the owners made improvements to the property including remodelling and expanding the existing house. Thus, they were not denied substantially all use of the property. See Martin County v. Section 28 Partnership, Ltd., 676 So.2d 532 (Fla. 4th DCA 1996) (on rehearing); Tinnerman v. Palm Beach County, 641 So.2d 523 (Fla. 4th DCA 1994). See also City of Pompano Beach v. Yardarm Restaurant, Inc., 641 So.2d 1377 (Fla. 4th DCA 1994), rev. denied, 651 So.2d 1197 (Fla.1995), and cert. denied, ___ U.S. ___, 115 S.Ct. 2583, 132 L.Ed.2d 832 (1995).
The federal substantive due process violation claim is also without merit. We follow McKinney v. Pate, 20 F.3d 1550 (11th Cir.1994) (en banc), cert. denied, ___ U.S. ___, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995)[1], *1367 and its progeny, and hold that substantive due process rights do not protect the property owners from an executive decision that wrongfully denies a zoning request.
In the context of federal substantive due process challenges to executive acts, the McKinney court stated:
The substantive component of the Due Process Clause protects those rights that are `fundamental,' that is, rights that are `implicit in the concept of ordered liberty.'
. . . . . .
[A]reas in which substantive rights are created only by state law ... are not subject to substantive due process protection under the Due Process Clause because `substantive due process rights are created only by the Constitution.' As a result, these state law based rights constitutionally may be rescinded so long as the elements of proceduralnot substantive due process are observed.

20 F.3d at 1556 (emphasis added) (citations omitted).
Here, the property owners correctly concede that the Board's decision concerning the property was an executive, not a legislative, act. The Reserve, Ltd. v. Town of Longboat Key, 933 F.Supp. 1040, 1042-43 (M.D.Fla.1996); Sullivan Properties, Inc. v. City of Winter Springs, 899 F.Supp. 587, 595-96 (M.D.Fla.1995). See Modlin v. City of Miami Beach, 201 So.2d 70 (Fla.1967); McKinney, 20 F.3d at 1557 n. 9. As concisely stated in C.B. By and Through Breeding v. Driscoll, 82 F.3d 383, 386 (11th Cir.1996), "an executive act ... contravenes substantive due process rights only if, in the Supreme Court's words, the right affected is `implicit in the concept of ordered liberty.'" Thus, the affected right must be fundamental under the Constitution. Driscoll, 82 F.3d at 387. The property owners' interest in approval of the lot reconfiguration is a state-created right not protected by the Constitution. The Reserve, Ltd., 933 F.Supp. at 1042-43; Sullivan Properties, Inc., 899 F.Supp. at 594-95. In this case, absent a fundamental constitutional right, no section 1983 claim exists as a matter of law. Therefore, the trial court properly granted summary judgment where the record does not show a violation of substantive due process rights.[2] The Board's error in denying the property reconfiguration was corrected through the appropriate procedural channels.
In sum, the property owners may not recover for the harm caused by the decision-making process pursuant to the asserted claims. We are cognizant that the property owners were unable to proceed unhindered in the development of their property. They experienced delays and incurred expenses awaiting resolution of the neighbors' appeal to the Board and their successful appeal to the circuit court. However, there is no guarantee that regulatory bodies will not become embroiled in disputes with property owners in which the owners ultimately will prevail. In addition, there is no concomitant guarantee that property owners may recover for harm caused by these disputes.
Every time a property owner is successful... in a challenge to a governmental regulation... he is almost certain to suffer some temporary harm in the process. At the least, he will incur significant litigation expenses and frequently will incur substantial revenue losses because the use of his property has been temporarily curtailed while the dispute is being resolved.
The Due Process Clause of the Fourteenth Amendment requires a State to employ fair procedures in the administration and enforcement of all kinds of regulations. It does not, however, impose the utopian requirement that enforcement action may not impose any[] cost upon the citizen unless the government's position is completely vindicated.
Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 204-205, 105 S.Ct. 3108, 3126, 87 L.Ed.2d 126, 150 (1985) (Stevens, J., concurring). See Boatman v. Town of Oakland, 76 F.3d 341, 346 (11th Cir.1996) ("The notion that the Constitution gives a property owner *1368 a substantive right to a correct decision from a government official ... is novel indeed.").
The judgment under review is affirmed.
Affirmed.
NOTES
[1] Although McKinney involved a wrongful termination action, courts apply its holding to zoning cases. Kantner v. Martin County, 929 F.Supp. 1482 (S.D.Fla.1996); The Reserve, Ltd. v. Town of Longboat Key, 933 F.Supp. 1040, 1042-43 (M.D.Fla.1996); Sullivan Properties, Inc. v. City of Winter Springs, 899 F.Supp. 587 (M.D.Fla. 1995).
[2] A municipality does not, ipso facto, act in an arbitrary or capricious manner merely because it considers community aesthetics. See Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954); Restigouche, Inc. v. Town of Jupiter, 59 F.3d 1208 (11th Cir.1995).