738 So.2d 471 (1999)
Thomas C. BURNHAM and Nedra Burnham, Trustees, Appellants,
v.
MONROE COUNTY, etc., et al., Appellees.
No. 98-2372.
District Court of Appeal of Florida, Third District.
July 28, 1999.
*472 Mattson & Tobin and James s. Mattson, Key West, for appellants.
Morgan & Hendrick and Karen K. Cabanas, Key West, for appellees.
Before JORGENSON, LEVY, and FLETCHER, JJ.
PER CURIAM.
Property owners in Monroe County appeal from a final judgment declaring that Monroe County had not taken their property in an inverse condemnation proceeding, and that Monroe County's "Rate of Growth Ordinance" is constitutional. We affirm.
The Burnhams have owned their property in Monroe since 1967; they submitted their application for a building permit in July, 1992, after Monroe County's "Rate of Growth Ordinance", commonly referred to as "ROGO" became effective. See Monroe County, Fla., Ordinance 16-1992 (June 23, 1992). Under ROGO, Monore County awards points for certain design features included in building plans[1]; Building permits are allocated to applicants who have accumulated the most points.
The owners' construction plans did not include enough of the features that ROGO sought to encourage to entitle them to a building permit. The County repeatedly informed them that they could obtain a ROGO allocation, and the ensuing building permit, at any time simply by incorporating simple changes to their plans. At no time did the owners make those changes; they instead chose to challenge the ordinance and sued the County for inverse condemnation. The trial court ruled that no taking had occurred because the County had not deprived the owners of all beneficial use of their property. The trial court further found that the ordinance was constitutional. We agree.
It is clear from the record that no taking occurred; all that the owners had to do in order to obtain the necessary points for their building permit was make a few minor changes to their plans. To establish a taking by inverse condemnation, a plaintiff must show that the challenged regulation denies all economically beneficial or productive use of land. See Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992); Tampa-Hillsborough County v. A.G.W.S. Corp., 640 So.2d 54 (Fla. 1994); Jacobi v. City of Miami Beach, 678 So.2d 1365 (Fla. 1996). The owners made no such showing in this case.
Moreover, the trial court correctly determined that the ROGO ordinance was constitutional, as it substantially advances the legitimate state interests of promoting water conservation, windstorm protection, energy efficiency, growth control, and habitat protection. See Nollan v. California *473 Coastal Comm'n, 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987).
AFFIRMED.
NOTES
[1] Building features for which points are awarded include solar hot water heaters; high-efficiency air conditioning systems; hurricane-strength structural windloads; and low-flow plumbing fixtures.