# Third District Court of Appeal

## State of Florida

Opinion filed February 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-576
Lower Tribunal No. 19-29594
_____


**Commissioner Joe Carollo, et al.,**
Appellants,

vs.

**Platinum Advisors, LLC, et al.,**
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Spencer Eig and Veronica Diaz, Judges.

Kuehne Davis Law, P.A., and Benedict P. Kuehne and Michael T. Davis, for appellants.

Brodsky Fotiu-Wojtowicz, PLLC, and Benjamin H. Brodsky, for appellees.


Before FERNANDEZ, SCALES and HENDON, JJ.

SCALES, J.

Appellants Miami City Commissioner Joe Carollo and Consulting Associates Group, Inc. (together, "Carollo") appeal from a non-final order denying their motion to dismiss, on immunity grounds, the complaint of appellees Platinum Advisors, LLC and SkyViews of America, LLC. Although the appellees characterized their suit as directed toward Commissioner Carollo in his individual capacity, the conduct that the appellees alleged is actionable occurred only in Carollo's capacity as an elected official engaged in the legislative process. Therefore, such alleged conduct is shielded from liability by both absolute legislative immunity and qualified immunity. We further conclude that the appellees' complaint failed to adequately allege that Carollo's conduct was undertaken with the requisite bad faith or malicious purpose to waive such immunity. Accordingly, we reverse the trial court's non-final order denying Carollo's motion to dismiss the appellees' complaint.

**I. Facts**

In 2016, during an interim when Carollo was not an elected official, he executed a one-year services agreement (the "Agreement") on behalf of his private consulting firm (Consulting Associates Group, Inc.) with Platinum Advisors. The Agreement provided that Carollo would advise Platinum Advisors in its effort to locate a site and secure required governmental approval to erect a Ferris wheel, also called an observation wheel. The

2

Agreement imposed a duty on Carollo not to disclose Platinum Advisors' confidential and proprietary information.

Eventually, Platinum Advisors and its affiliate SkyViews applied to the City of Miami for development approval of the observation wheel to be located at Bayside Marketplace on City of Miami property.

During the term of the Agreement, Carollo announced his candidacy for Miami City Commissioner. Platinum Advisors terminated Carollo's consulting contract in September 2017, and Carollo was elected in November 2017. Platinum Advisors proceeded with its observation wheel application over the next two years. It received preliminary staff approvals, entered a pre-construction phase and, after obtaining several permits, began working at the site in August 2018. During this period before final development approval, Carollo refrained from any involvement, both at public meetings and behind the scenes, with Platinum Advisors' application.

A hearing for final planning and zoning approval of the application was scheduled before the Miami City Commission on September 26, 2019. At that hearing, after Platinum Advisors' agenda item was removed from the consent agenda by the City Attorney, the City Commission took up a discussion of the project's economic benefits. Carollo participated in this public discussion. He urged his fellow Commissioners either to reject the

3

application or to renegotiate its terms in order to increase revenues to the City. As a result of this discussion, the City Commission deferred approval of the application to a subsequent City Commission meeting. Our limited record indicates that, at a subsequent public meeting, the City Commission approved the project, but apparently at a greater cost to the appellees.

On October 17, 2019, Platinum Advisors and SkyViews sued Carollo for damages and injunctive relief relating to Carollo's alleged (i) breach of fiduciary duty, (ii) breach of the Agreement, and (iii) misappropriation of trade secrets in violation of Florida's Uniform Trade Secrets Act.[1] The complaint alleges that by participating in the discussion on the agenda item at the September 26, 2019 City Commission meeting, and arguing at the meeting that the City should negotiate a more favorable deal, Carollo (i) both disclosed and used trade secrets and confidential and proprietary information to instigate City Commission dissent and derail the appellees' application, (ii) committed a malicious and bad faith violation of his fiduciary and contractual duties, and (iii) sought a political benefit to himself by

---

[1] The appellees' complaint also sought to enjoin Carollo from what it alleged were Carollo's violations of section 112.3143(4) of the Florida Statutes. This provision prohibits an "appointed public officer" from participating in matters that constitute a conflict of interest.

4

causing a renegotiation of the arrangement between the City and the appellees.

Carollo sought to dismiss the complaint, arguing that, because all of the alleged actions giving rise to the appellees' several counts occurred in Carollo's capacity as a city commissioner, he was entitled to both absolute legislative immunity and qualified immunity. On February 20, 2020, the trial court entered a non-final order denying Carollo's motion to dismiss. Carollo timely appeals this order. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(F)(iii).[2]

## II. Analysis[3]

The appellees concede that the only conduct undertaken by Carollo that the appellees allege is actionable occurred while Carollo was speaking from the dais at the September 26, 2019 City Commission meeting on an agenda item properly before the City Commission. Because Carollo's alleged actionable conduct occurred during the legislative process of a duly

---

[2] This rule reads, in relevant part, as follows: "Appeals to the district courts of appeal of nonfinal orders are limited to those that . . . deny a motion that . . . asserts entitlement to sovereign immunity." Fla. R. App. P. 9.130(a)(3)(F)(iii).

[3] We review *de novo* a trial court's sovereign immunity determination. City of Miami Firefighters' & Police Officers' Ret. Tr. & Plan v. Castro, 279 So. 3d 803, 806 n.11 (Fla. 3d DCA 2019).

noticed agenda item, Carollo maintains that he is entitled to both absolute legislative immunity and qualified immunity.  We agree with Carollo.

*A. Absolute Legislative Immunity and Qualified Immunity*

A city commissioner enjoys absolute legislative immunity when acting in a legislative capacity. P.C.B. P'ship v. City of Largo, 549 So. 2d 738, 740 (Fla. 2d DCA 1989); Penthouse, Inc. v. Saba, 399 So. 2d 456, 458 (Fla. 2d DCA 1981) ("If an exercise of legislative . . . power is involved, the immunity is absolute.").

Qualified immunity has a broader scope. It protects government officials from suit for the exercise of their discretionary duties in an array of situations and settings. Thus, a government official – including a city commissioner performing a legislative duty – enjoys qualified immunity from liability for civil damages so long as his or her conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Mandelstam v. City of S. Miami, 685 So. 2d 868, 870 (Fla. 3d DCA 1996) (quoting City of Hialeah v. Fernandez, 661 So. 2d 335, 338 (Fla. 3d DCA 1995) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

We have little difficulty concluding that, when he participated in the discussion regarding his former client's application – a duly noticed item on

6

the City Commission's agenda – Carollo was engaged in precisely the type of legislative conduct expected of elected city commissioners. His former client's project was on the agenda for the City Commission meeting, and Carollo participated in the discussion of the agenda item in his role as a City Commissioner. Hence, irrespective of whether Carollo's participation in the discussion was ethical, Carollo enjoyed both absolute legislative and qualified immunity from civil suit for the comments he made at that meeting.

*B. Section 768.28(9)(a) of the Florida Statutes*

Our inquiry would end here but for a statutory waiver of these two categories of sovereign immunity, as provided in section 768.28(9)(a) of the Florida Statutes. This statute, which limits sovereign immunity for individuals, provides in pertinent part, as follows:

> No officer, employee, or agent of the state or any of its subdivisions[4] shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his or her employment or function, unless such officer, employee, or agent *acted in bad faith or with malicious purpose* or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

§ 768.28(9)(a), Fla. Stat. (2019) (emphasis added).

---

[4] In its definition of a state subdivision, the statute expressly includes a municipality. § 768.28(2), Fla. Stat. (2019).

7

Section 768.28(9)(a) waives a city commissioner's absolute legislative immunity or qualified immunity if the city commissioner acts, in the scope of his or her governmental function, "in bad faith or with malicious purpose." The appellees argue that they have adequately alleged that Carollo's conduct – i.e., participating in the discussion at the September 26, 2019 commission meeting and arguing against the appellees' financial interests – was in bad faith or with a malicious purpose.

The appellees rely on Palazzo Las Olas Group LLC v. City of Fort Lauderdale, 966 So. 2d 497 (Fla. 4th DCA 2007). But Palazzo is readily distinguishable. Palazzo, in a detailed complaint, alleged that it had spent over two years and more than five million dollars in pre-development efforts to develop a mixed-use project in a good faith reliance upon representations and requests by the City, after the City had accepted Palazzo's response to the City's request for proposals. Id. at 499. Palazzo alleged that, following extensive prior administrative approvals from the City, the City – after having specifically ordered Palazzo to design and build a project that would not comply with certain building limitations – had, in bad faith and with a malicious purpose, used that very non-compliance to deny Palazzo's site plan for the project. Id. Palazzo sued the City, essentially alleging that the City was estopped from denying its site plan. Id. at 498-99. Palazzo also

sued the Mayor and several city commissioners alleging that these individuals had conspired to interfere with the business relationship that the parties' conduct had created between the City and Palazzo. Id. at 500. The trial court dismissed Palazzo's complaint, including the conspiracy claims against the individual defendants. With regard to those individual defendants, the trial court concluded that the complaint's allegations did not rise to the level of bad faith or malicious purpose required to trigger section 768.28(9)(a)'s waiver. Id. at 503.

The Fourth District reversed the trial court's order, and while the Palazzo court does not elaborate on the specific allegations made against the individuals, the opinion expressly notes that that the complaint's allegations against the individuals were "not predicated solely upon the act of voting." Thus, we can assume that, absent a chronicle of specific allegations against the individuals in the Palazzo opinion, those allegations identified conduct by the individual defendants – outside of mere comments made or votes taken at a city commission meeting – that was consistent with a conspiracy to derail Palazzo's project. The Palazzo court simply notes that such allegations were "minimally sufficient to allege the kind of bad faith and malicious purpose necessary to seek to impose individual liability." Id. at 503.

9

We do not find a similar minimal sufficiency in the instant case, and, as mentioned above, the instant complaint's allegations identify no actionable conduct by Carollo other than his comments made at a Miami City Commission meeting regarding a duly noticed agenda item. In paragraphs 30 to 34 of their complaint, the appellees make a series of conclusory allegations that Carollo acted in bad faith or with malicious purpose, but such conclusory allegations are insufficient to establish a waiver of immunity. See P.C.B. P'ship, 549 So. 2d at 741.

Additionally, for the purposes of section 768.28(9)(a), Florida appellate courts equate bad faith to actual malice. See Parker v. State of Fla. Bd. of Regents ex rel. Fla. State Univ., 724 So. 2d 163, 167 (Fla. 1st DCA 1998); Ford v. Rowland, 562 So. 2d 731, 734 (Fla. 5th DCA 1990). To establish the requisite actual malice contemplated by 768.28(9)(a), "there must be conduct much more reprehensible and unacceptable than a mere intentional tort." Duyser by Duyser v. Sch. Bd. of Broward Cnty., 573 So. 2d 130, 131 (Fla. 4th 1991); see also Soto v. City of N. Miami, No. 17-22090-Civ-Scola, 2017 WL 4685301 at *4 (S.D. Fla. 2017).

While the appellees may feel betrayed (and possibly they were financially harmed) by what the appellees perceive as Carollo's unethical behavior toward them, Carollo, in a legislative context, was seeking a better

financial deal for the City of Miami and its taxpayers. Viewed in this light, Carollo's alleged conduct of participating in the discussion of his former client's project does not meet the high bar of actual malice.

### III. Conclusion

At the motion to dismiss stage, we assume Carollo owed Platinum Advisors the fiduciary and contractual duties alleged in the appellees' complaint. The issue is whether Carollo enjoys immunity for his conduct that allegedly breached those duties. Because the appellees' complaint identifies only conduct undertaken by Carollo during a City Commission meeting in Carollo's capacity as a City Commissioner, and because the appellees have not adequately alleged that Carollo's conduct was undertaken in bad faith or for a malicious purpose, Carollo is entitled to overlapping absolute legislative immunity and qualified immunity. We reverse the trial court's denial of Carollo's motion to dismiss and remand with instructions for the trial court to enter an order dismissing the appellees' complaint.[5]

Reversed and remanded with instructions.

---

[5] Carollo concedes that, because the appellees have not yet been given the opportunity to amend their complaint, the dismissal should be without prejudice.