MONROE, Judge.
Joseph Edward Teichmann, the father, and Glynn S. Teichmann, the mother, were divorced in 1983. In the divorce judgment, the father was ordered to pay $100 per week as child support for the parties’ minor son. The judgment provided that the father was to make all payments directly to the office of the court’s accounts clerk. Over the years the father’s obligation has been modified several times and the court has found him in arrears of child support and has ordered him to make monthly payments toward the arrearage.
In 1989, the court modified the father’s child-support obligation to $40 per week and ordered him to pay $10 per week toward a $2,401.16 arrearage. The court provided that payments were to be made to the office of the accounts clerk. On January 26, 1999, the mother filed a motion to modify the child-support provision. The mother alleged that the parties’ son was 19 years old and that he was dependent. The facts indicate that the child is mentally retarded. At the hearing, the mother also requested a judgment for the amount of the father’s current arrearage. The court found that the parties’ son was dependent and ordered the father to continue to pay support for the son. The court also found that the father was $8,710.40 in arrears in his payment of child support and ordered him to pay $25 a month toward the arrearage.
The court gave the father credit only for the payments that had been made to the office of the court’s accounts clerk; it did not give him credit for payments he had made directly to the mother. The father filed a motion entitled “Motion to Amend Nunc Pro Tunc,” alleging that the court had inadvertently failed to give him credit for the $6,850 he claimed he had paid the mother directly. The court held a hearing and denied the father’s motion. The father appeals.
The grant or denial of a credit against child support is within the sound *1198 discretion of the trial court and will not be reversed except for a plain and palpable abuse of that discretion. Aired v. State ex rel. Hill, 603 So.2d 1082, 1083 (Ala.Civ. App.1992). A trial court may allow a credit to the obligated parent upon proof that monetary support was actually provided. State ex rel. McDaniel v. Miller, 659 So.2d 640 (Ala.Civ.App.1995). A party seeking credits against a child-support arrearage must present proof pertaining to the monetary amount of the credits sought. Ullrich v. Ullrich, 736 So.2d 639 (Ala.Civ.App. 1999). In Aired, the court ordered the father to pay his monthly child-support obligation to the court. Aired, 603 So.2d 1082. He did not do that, but paid it directly to the mother. Id. The father sought a credit for payments made to the mother. Id. The trial court allowed the father a credit for the payments he could prove. Id. This court affirmed the trial court. Id. at 1083.
The father in this present case does not argue that the child is not dependent or that his monthly child-support obligation is erroneous. The only issue on appeal is whether the court erred in refusing to give the father credit for the child-support payments he made directly to the mother.
The father alleged that he had been paying the mother $40 per week. In support of his claim, he presented receipts, handwritten by the mother, stating that she had received $40 per week from him. The receipts were signed by the mother. The receipts totalled $6,850. The father testified that he had lost receipts for $760. The mother admitted that the father had been paying her child support directly. She did not dispute the authenticity of the receipts.
The mother argues that the court did not err in failing to allow the father the credit because, she argues, the divorce judgment stated that the father was to make all payments directly to the office of the court’s accounts clerk and that the father would not receive any credit for payments made directly to the mother. In response to this argument, the father argues that the child-support provision of the divorce judgment had been modified several times over the years and that the modification orders did not state that the father would not receive a credit for payments made directly to the mother. The 1983 divorce judgment states:
“[T]he Defendant shall pay to the Plaintiff the sum of $100.00 per week as family support, payable through the Office of the Accounts Clerk, Domestic Relations Division of this Court, and he shall pay the commission due thereon as required by law and the Defendant will receive no credit for any payments of support paid directly to the Plaintiff.”
That judgment was modified in 1989 to provide:
“Defendant shall pay the sum of $40.00 each week as child support for the one (1) child born of the marriage. Said payments should be made through the Office of the Accounts Clerk plus the 2% commission due thereon beginning May 5,1989 and each week thereafter.
“The Defendant shall further pay an additional sum of $10.00 each week in addition to his regular $40.00 per week child support payments to be applied towards [a judgment on an arrearage] until it is paid in full.”
It is undisputed that the mother had received $6,850 of child support payments from the father. The mother never disputed the receipts. She admits that the father has been paying her child support. The father had substantial proof of the amount he had paid the mother directly. Akhough the court had ordered the father to pay his child support obligation through the office of the court’s accounts clerk, we find that the court’s refusal to allow the father a credit for the payments he made directly to the mother was an abuse of discretion.
*1199 The judgment is reversed, and the case is remanded for an order or proceedings consistent with this opinion.
The appellant’s request for attorney fees is denied.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.