YATES, Presiding Judge.
On December 29, 1998, Karen V. Whitaker sued Rodney Wayne Whitaker for a divorce, alleging incompatibility and domestic violence. She sought child support, alimony, custody of the parties’ minor *377 child, and an equitable division of the marital property. The husband counterclaimed, seeking custody, child support, and a division of the marital property. The court, on February 18, 1999, entered a temporary order that awarded the wife temporary custody of the minor child and ordered the husband to pay $78.90 per week in child support.
In March 1999, the father moved to reduce his child-support obligation, alleging that the had been laid off by his employer and that he was receiving $134 per week in unemployment benefits. By agreement of the parties, the court, on April 20, 2000, entered an “Agreed Final Decree of Divorce” that, among other things, awarded the parties joint custody of the minor child, with primary physical custody to the wife; ordered the father to continue paying the amount of child support previously ordered; and reserved all other issues for a final hearing. After conducting a final hearing, the court, on November 16, 2000, entered a final judgment of divorce, stating, in part:
“1. The [husband] owes a child support arrearage to the [wife] in the amount of $5,280.60. Judgment in the amount of $5,280.60 is awarded to the [wife] and against the [husband].
“2. The [husband] shall pay to the [wife] the sum of [$345] per month beginning December 1, 2000, and continuing on a monthly basis thereafter. Said support shall be paid through this Court by cashier’s check or money order made payable to....
“3. The [husband] is awarded the 1998 Z71 pick-up truck and shall be responsible for the indebtedness thereon and shall hold the [wife] harmless from said debt.
“4. The [husband] is awarded the Polaris 4-wheeler and he shall be responsible for the indebtedness thereon and shall hold the [wife] harmless from said debt.
“5. The [wife] is awarded the following items and the [husband] is divested of any interest therein:
“a.) 1979 Jeep Renegade CJ-7
“b.) Troybilt tiller
“e.) 2 new bedroom suites
“d.) 2 television sets
“e.) China cabinet
“f.) Deep freezer
“jj.) 1986 Monte Carlo SS
“kk.) 1973 Dodge van
“11.) 1986 Monte Carlo
“6. The [wife] is awarded all other items currently in her possession and the [husband] is divested of any interest therein.
“7. The [husband] is awarded all other items currently in his possession and the [wife] is divested of any interest therein.
“8. The [husband] shall pay to the [wife] the sum of $1,000 representing a portion of the joint income tax refund from the previous tax year.
“9. The real property which served as the marital residence of the parties, consisting of a house and improvements upon approximately five acres of land shall be placed on the market and sold, with the net proceeds divided equally by and between the [wife] and [husband]. ‘Net Proceeds’ is hereby defined as the remaining proceeds after the payment of the costs of the sale and the payment of any indebtedness secured by such property. Pending such sale, the [husband] shall be responsible for and pay the mortgage payments, the utilities, taxes relating to the property and shall hold the [wife] harmless therefrom. The [husband] shall have sole and exclusive *378 occupancy pending such sale. In the event the property remains unsold after 90 days from the date of this Order, either party shall have the right to obtain a judicial sale upon appropriate petition.”
On December 28, 2000, the court denied the husband’s postjudgment motion. The husband appeals, arguing that the trial court erred in calculating the child support and the child-support arrearage and in dividing the property.
The wife testified that she and the parties’ eight-year-old child were residing with her mother in Tennessee. She stated that she was employed at a hair salon and that she also sold vacuum cleaners part-time, and that she earned approximately $200 per week. According to the wife’s CS-41 “Income Statement/Affidavit” filed in September 1999, she earned $801 per month. The wife stated that she did receive some payments directly from the husband and she estimated that those payments totaled about $275. She also stated that the husband owed her $1,000 that represented one-half of a refund he had received on federal income tax for the year 1999. The wife testified regarding numerous incidents of domestic violence during the marriage. She requested most of the personal property accumulated during the marriage.
The husband stated that he had been employed with Tulox Plastics Corporation since 1996 and that at the time of the February 1999 hearing he was earning $8.50 per hour. He stated that he was laid off in March 1999; that he began receiving $134 per week in unemployment benefits; and that he had been unable to pay the $78.50 per week in child support. He stated that he had been unable to obtain gainful employment since his lay-off because of an injury to his hand; he also stated that he required additional surgery to regain full use of his hand. He stated that he was expecting a workers’ compensation settlement; however, he did not know the amount. According to the husband’s CS-41 “Income Statement/Affidavit” filed in February 1999, he earned $1,233.92 per month from his employment with Tulox, out of which he paid a monthly health-insurance premium of $108.
The court also heard testimony from the parties’ child. She stated that she preferred to stay with her mother in Tennessee; that she had witnessed incidents in which her father had attempted to strangle her mother; and that her father questioned her too much about her mother’s activities when she visited with him.
In reviewing a judgment of the trial court in a divorce case, where the trial court has made findings of fact based on oral testimony, we are governed by the ore tenus rule. Under this rule, the trial court’s judgment based on those factual findings will be presumed correct and will not be disturbed on appeal unless it is plainly and palpably wrong. Hartzell v. Hartzell, 623 So.2d 323 (Ala.Civ.App.1993). This presumption of correctness is based on the trial court’s unique position, which enables it to observe the witnesses and to assess their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408 (Ala.1986). Additionally, the division of marital property rests soundly within the trial court’s discretion, and rulings on this matter will not be disturbed on appeal except for a plain and palpable abuse of discretion. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App.1994). After thoroughly reviewing the record, we conclude that the trial court did not err in dividing the marital property. Accordingly, we affirm that portion of the judgment.
As to the issue of child support, this court has consistently held that the *379 application of the Rule 32, Ala. R. Jud. Admin., child-support guidelines is mandatory in child-support actions filed on or after October 9, 1989. State ex rel. Dep’t of Human Res. v. Hogg, 689 So.2d 131 (Ala.Civ.App.1996). A trial court may deviate from the child-support guidelines in determining a child-support amount; however, any deviation must be justified in writing. In Martin v. Martin, 687 So.2d 901, 902 (Ala.Civ.App.1994), this court issued the following directive:
“We hold, therefore, that the word ‘shall’ in Rule 32(E), Ala. R. Jud. Admin., mandates the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form.”
This court cannot discern how the trial court determined the support obligation of $345 per month and the arrearage of $5,280.60. That portion of the judgment regarding the husband’s current child-support obligation is reversed and the case is remanded for the trial court to obtain a current CS-41 “Income Statement/Affidavit” from the husband and to complete a CS^12 “Child Support Guidelines Form” indicating the proper support obligation. See State ex rel. Dunnavant v. Dunnavant, 668 So.2d 851 (Ala.Civ.App.1995). If the court determines that application of the guidelines is manifestly unjust or inequitable, and then deviates from the guidelines in setting a support obligation, it must make the findings required by Rule 32(A)(ii), Ala. R. Jud. Admin. Hogg, supra.
In addition, this court has stated that “[a] trial court may allow a credit to the obligated parent upon proof that monetary support was actually provided.” Teichmann v. Teichmann, 772 So.2d 1196, 1198 (Ala.Civ.App.2000) The record indicates that the husband made child-support payments directly to the wife in 1999 and 2000. Since this court cannot determine if the court credited the husband with those amounts when it calculated the $5,280.60 arrearage, the court is directed on remand to enter findings indicating the total ar-rearage owed, the amount of credit allowed, and the remaining arrearage balance as a judgment against the husband.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., concurs in part and concurs in the result in part.