**BARIMA INVESTMENT COMPANY, INC., etc., Plaintiff,**

v.

**The UNITED STATES of America, et al., Defendants.**

**No. 90–2606–CIV.**

United States District Court, S.D. Florida.

Aug. 8, 1991.

Warren M. Salomon, Miami, Fla., for plaintiff.

Frederick Joseph Wernicke, Saralyn Nemser, Asst. Attys. Gen., Dept. of Legal Affairs, Civ. Div., Hollywood, Fla., Brian S. Duffy, Asst. Atty. State of Fla. Dept. Legal Affairs, Tallahassee, Fla., for defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the Court upon the separate motions of defendants Bob Martinez and Dale Twachtmann, and the joint motion of several Metro–Dade County defendants[1] to dismiss the second amended complaint on various grounds, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. All of the defendants have asserted that this Court lacks subject matter jurisdiction, under Rule 12(b)(2), because the claim is not yet ripe for adjudication. As a general rule, a court will pass on jurisdictional issues before considering whether the complaint states a claim. Therefore, the Court must address the ripeness issue first. Plaintiff has filed a response to each of the defendants' motions to dismiss.

Defendant Twachtmann also filed an unopposed motion to accept untimely pleadings, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. Counsel Frederick J. Wernicke explains that he filed the motion to dismiss on July 17, 1991 rather than by July 5, 1991 due to a mix-up at the Attorney General's office in transferring the case to him. The Court finds this to be excusable neglect and hereby accepts the motion to dismiss as timely filed.

## I. FACTUAL BACKGROUND

Plaintiff Barima Investment Company, Inc. ("Barima") is the record owner of approximately eighty (80) acres in Dade County. The property was vacant land when acquired in 1981, and has remained vacant since. The entire parcel of property is zoned such that the classification must be changed before any development can occur.

Barima's land is regulated both under federal law, through the Clean Water Act, 33 U.S.C. § 1344,[2] and Florida law. In 1984, the Florida legislature passed the Warren S. Henderson Wetlands Protection Act, now Fla.Stat. §§ 403.91–.929. The Henderson Act requires a permit for dredge or fill activities in those areas classified as wetlands.[3] Applications for permits must be made through the Florida Department of Environmental Regulation ("Fla–DER") before development can begin. Fla–DER formulated a "mitigation" rule to offset the adverse impact of dredge and fill activities.

The Army Corps of Engineers delegated the task of issuing dredge and fill permits to the Metro–Dade County Department of Environmental Resources Management ("Metro–DERM") for land in the Bird Drive Everglades Basin, where plaintiff's property lies. Metro–DERM characterized land in the Basin as wetlands.

Metro–DERM is currently preparing an environmental impact statement for a proposed regional wellfield for the western portion of the Basin, including Barima's 80 acres. All the while, Barima has sought a favorable zoning change for its lands. The latest zoning applications have been deferred at Barima's request until such time as the environmental study is completed. Subsequently, Metro–Dade County declared a development moratorium.

The plaintiff filed a complaint, which as amended alleges the following against various federal, state, and local defendants:[4] inverse condemnation violating the Fifth Amendment of the United States Constitution and Article 10 § 6 of the Florida Constitution; denial of substantive due process

---

**1.** Metro–Dade County; John Renfrow, Director of the Metro–Dade County Department of Environmental Resources; Stephen P. Clark, Charles Dusseau, Arthur E. Teele, Jr., Sherman Winn, Mary Collins, Harvey Ruvin, Joe Gersten, Alexander Penelas, and Larry Hawkins, Metro–Dade County Commissioners (collectively, the "Metro–Dade defendants").

**2.** Plaintiff sued the United States and the United States Army Corps of Engineers as well, but this Court dismissed the first amended complaint as to the federal defendants on ripeness grounds.

**3.** The Army Corps of Engineers designated Barima's property as wetlands within the meaning of 40 C.F.R. § 328.3(b).

**4.** Barima also sued federal defendants under the Fifth Amendment of the United States Constitution. However, this Court entered an order on May 10, 1991 dismissing the complaint as to the federal defendants on ripeness grounds. Much of that analysis is repeated herein.

under the Fifth and Fourteenth Amendments to the United States Constitution; and violations of 42 U.S.C. § 1983.

## II. RIPENESS

The United States Supreme Court recently established the standard to be applied in regulatory takings (inverse condemnation) claims in two leading cases, *MacDonald, Sommer & Frates v. Yolo County,* 477 U.S. 340, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986), and *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). The plaintiff must establish two components: (1) that the regulation has gone so far that it has "taken" plaintiff's property; and (2) that any compensation tendered is not "just." *MacDonald,* 477 U.S. at 348, 106 S.Ct. at 2566.

■ The doctrine of ripeness rests upon the idea that courts should not decide the impact of regulation until the full extent of the regulation has been fixed and the harm caused by it is measurable. *Herrington v. Sonoma County,* 834 F.2d 1488 (9th Cir. 1987), *cert. denied,* 489 U.S. 1090, 109 S.Ct. 1557, 103 L.Ed.2d 860 (1989). *Williamson County* requires (1) that there be a final, reviewable decision regarding the application of the zoning ordinances and governmental regulations to the plaintiff's property; and (2) that the plaintiff has utilized the available state procedures for obtaining compensation for the taking. 473 U.S. at 186, 105 S.Ct. at 3116. Both prongs must be satisfied for the claim to be ripe. The Court will consider each prong in turn.

### (A) Final Decision

The first prong of the *Williamson County* test requires that there be a final, reviewable decision regarding the plaintiff's property. The parties are by no means in agreement on this issue, but the Court does not have to reach it since the second prong of the *Williamson County* test disposes of the case.

### (B) State Procedures

■ The second prong of the *Williamson County* test requires a plaintiff to utilize the available state procedures for obtaining compensation for a taking before the claim may be considered ripe. 473 U.S. at 186, 105 S.Ct. at 3116. Barima cites *First English Evangelical Lutheran Church v. County of Los Angeles,* 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), for the proposition that where it is clear that the regulation denies all use of the property owner's land, the case is ripe for adjudication without further administrative action. However, as discussed thoroughly in this Court's order of June 14, *First English* is more properly addressed to the question of remedies, holding that "where the government's activities have already worked a taking of all use of property, no subsequent action by the government can relieve it of the duty to provide compensation for the period during which the taking was effective." *Id.* at 321, 107 S.Ct. at 2389.

Barima also argues that an exception to the requirement of utilizing state procedures exists when the state provides no procedures for compensation, and that "Florida law does not provide for recovery of money damages in inverse condemnation cases." Plaintiff's Memorandum in Opposition to Metro–Dade Defendants, at 6. However, plaintiff does not cite any support for this proposition, and the Court cannot find any. In fact, the Eleventh Circuit has interpreted *First English* to require states to recognize inverse condemnation claims for damages when a zoning regulation amounts to a taking. *East–Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n,* 896 F.2d 1264, 1266 (11th Cir.1989). Indeed, in *Joint Ventures, Inc. v. Department of Transportation,* 563 So.2d 622, 625 (Fla. 1990), the Florida Supreme Court recognized the state's obligation when it noted that the state must generally pay property owners under two circumstances: eminent domain takings and inverse condemnation takings. Therefore, this Court holds that Barima's claim does not meet the second prong of *Williamson County* in that plaintiff has failed to utilize available state procedures; therefore, the claim is not ripe for review.

For the reasons stated, the complaint must be dismissed. Accordingly, after a

careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that defendant Twachtmann's motion to accept untimely pleadings is GRANTED. It is further

ORDERED and ADJUDGED that defendants' motions to dismiss are GRANTED without prejudice.

DONE and ORDERED.