United States Court of Appeals,

Eleventh Circuit.

No. 94-4049.

RESTIGOUCHE, INC., a Florida corporation, Plaintiff-Appellant,

v.

TOWN OF JUPITER, a Florida Municipal Corporation, Defendant-Appellee.

Aug. 2, 1995.

Appeal from the United States District Court for the Southern District of Florida. (No. 91-8049-Civ), Donald L. Graham, Judge.

Before HATCHETT and ANDERSON, Circuit Judges, and FAY, Senior Circuit Judge.

ANDERSON, Circuit Judge:

## I. BACKGROUND

Restigouche, Inc. ("Restigouche") owns property the parties refer to as "Maplewood," located along Indiantown Road in the town of Jupiter, Florida (the "Town"). In 1988, the Town began a study of land use along the Indiantown Road Corridor, including the Maplewood property. At that time, Maplewood was zoned to permit automobile sales by special exception. In November 1989, Restigouche applied to the Town for special exception in order to build an automobile campus on the property. While approval was pending, the Town completed its study of the Indiantown Road Corridor, and adopted a comprehensive plan for land use along the corridor (the "Comprehensive Plan") and specific zoning regulations applicable to the subdistrict in which the Maplewood property is located (the "IOZ Regulations"). The IOZ Regulations prohibited automobile sales in the subdistrict. Subsequently, pursuant to the IOZ Regulations, the Town denied Restigouche's application to build

an automobile campus on Maplewood.

Restigouche appealed the denial of its application to the Town Council. After the Town Council denied its appeal, Restigouche sought state administrative review pursuant to Fla.Stat.Ann. § 163.3213(7) (West 1990). This administrative challenge was also unsuccessful. Restigouche then filed suit in state court asserting a number of constitutional and statutory claims. The state court suit is currently pending. Restigouche has not, however, sought rezoning, nor has Restigouche requested approval for the 27 other uses the parties agree are permitted on Maplewood under the IOZ Regulations.

Restigouche filed the instant action on February 8, 1991 claiming that the IOZ Regulations, as applied to Maplewood, are unconstitutional. The Town filed a motion for summary judgment on April 28, 1993, and the motion was fully briefed by June 14, 1993. In the meantime, the case had been assigned by consent of the parties to a magistrate judge pursuant to 28 U.S.C. § 636(c). No hearing was immediately set on the summary judgment motion, and the parties proceeded with discovery. On November 29, 1993, the magistrate court telephonically informed the parties that it would hear argument on the Town's motion for summary judgment at the pretrial status conference on December 1. Oral argument was heard on the motion at the status conference on December 1, and the magistrate court entered an order granting summary judgment in favor of the Town on December 15.

In its order granting summary judgment, the magistrate court determined that Restigouche's challenge to the IOZ Regulations

raised only two claims: (1) that the Town's action in passing and applying the IOZ Regulations to Maplewood is arbitrary and capricious as applied (substantive due process); and (2) that the Town's action prohibiting automobile sales on Maplewood constitutes a taking.[1] The court found Restigouche's taking claim premature, and granted summary judgment on Restigouche's substantive due process claim as a matter of law.

In this appeal, Restigouche asserts that its just compensation taking claim is ripe. The Town, on the other hand, asserts that

[1]There are potentially four types of constitutional challenges to a zoning decision: (1) just compensation taking, (2) due process taking, (3) substantive due process (also referred to as arbitrary and capricious due process), and (4) equal protection. *Eide v. Sarasota County,* 908 F.2d 716, 720 (11th Cir.1990), *cert. denied,* 498 U.S. 1120, 111 S.Ct. 1073, 112 L.Ed.2d 1179 (1991). In addition, a substantive due process challenge may be either "facial" or "as applied." *Id.* at 722. The magistrate court found that Restigouche had abandoned any equal protection, due process taking, or facial substantive due process claims. Restigouche does not dispute this finding. Thus, all that remains are just compensation takings and as applied substantive due process claims.

　　Additionally, Restigouche raises claims it categorizes as "fails to substantially advance" taking and "justice and fairness" taking. We do not recognize these as distinct, viable federal constitutional claims in the zoning context.

　　Finally, Restigouche argues that its "vested rights" claims are federal claims in and of themselves. Whether Restigouche has any "vested rights," i.e. protected property interests, is relevant to the determination of whether Restigouche has stated a federal constitutional claim. *See, e.g., Marine One, Inc. v. Manatee County,* 877 F.2d 892 (11th Cir.1989) (rescission of building permit not a taking or violative of substantive due process because plaintiff had no vested property interest in possession of building permit). However, proof of some vested right by itself does not state a federal claim independent of the constitutional claims already raised and addressed in this opinion. Although some of Restigouche's "vested rights" claims may be pendent state law claims, their dismissal by the court below was well within its discretion.

both substantive due process and taking claims should have been dismissed as premature. Restigouche further argues that the district court granted summary judgment without first giving Restigouche the 10-day notice required under Fed.R.Civ.P. 56(c). Finally, Restigouche asserts the district court erred as a matter of law in granting judgment to the Town because genuine issues of material fact existed with respect to its substantive due process claim. We affirm.

## II. RIPENESS

Whether Restigouche's claims are ripe is a jurisdictional issue, which we review de novo. *Reahard v. Lee County,* 30 F.3d 1412, 1414 (11th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 1693, 131 L.Ed.2d 557 (1995). The purpose of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories v. Gardner,* 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). Therefore, assuming that there is sufficient injury to meet Article III's requirement of a case or controversy, the ripeness inquiry focuses on whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court. *Johnson v. Sikes,* 730 F.2d 644, 648 (11th Cir.1984).

Because substantive due process and taking challenges to the zoning process scrutinize that process in slightly different ways, substantive due process and taking claims mature at different points in the process. *Eide v. Sarasota County,* 908 F.2d 716, 720-26 (11th Cir.1990), *cert. denied,* 498 U.S. 1120, 111 S.Ct. 1073,

112 L.Ed.2d 1179 (1991). An as applied substantive due process challenge focuses on whether the actual decision to apply the zoning to the property was "arbitrary and capricious." Thus, such a claim presents a sufficiently concrete question for review when the zoning decision has been finally made and applied to the property. *Id.* at 724-26. It is undisputed that the IOZ Regulations have been finally made, and that the Town denied Restigouche's application to zone Maplewood for automobile sales pursuant to those regulations. Therefore, Restigouche's substantive due process claim is ripe. *Id.* at 725 n. 16.

However, a just compensation taking claim matures later in the zoning process. One focus of such a taking challenge is whether a zoning regulation has "gone too far," i.e., has deprived the owner of all uses that would enable him to derive economic benefit from the property. *Id.* at 720-21. Thus, Restigouche's just compensation taking claim is not ripe before the "local authority has determined the nature and extent of the development that will be permitted." *Id.* at 720. Unlike in the substantive due process context, this requires more than a final decision to apply the zoning regulation to the property. Such a taking claim is not ripe until the property owner has also sought rezoning and/or variances sufficient to determine the extent of economically beneficial use which remains under the zoning regime. *Id.* Restigouche has not sought rezoning, nor applied for one of the 27 remaining uses permitted on the property under the IOZ Regulations. Therefore we cannot yet determine whether the IOZ Regulations have "gone too far" with respect to Restigouche's property, and

Restigouche's taking claim is premature.[2]

Because Restigouche's just compensation taking claim is not ripe, the court below properly dismissed it.  Because the arbitrary and capricious due process claim is ripe, we turn now to discuss it.  However, we must first address Restigouche's argument that the court below violated the 10-day notice requirement of Federal Rule of Civil Procedure 56(c).[3]

### III. 10-DAY NOTICE REQUIREMENT

Under Federal Rule of Civil Procedure 56(c), the non-moving party must be given 10-day advance notice that a summary judgment motion will be taken under advisement.  *Milburn v. United States,* 734 F.2d 762, 765 (1984).  After giving the parties only 2 days notice, the magistrate court entertained argument on the Town's motion for summary judgment at the December 1, 1993, pretrial status conference.  On December 2, Restigouche filed a motion to supplement the summary judgment record.  On December 15, the

---

[2]To make out a just compensation taking claim, a plaintiff must also show "that there is no provision to award him just compensation."  *Eide* 908 F.2d at 720.  Thus, a just compensation taking claim is not ripe until, in addition to seeking rezoning or variance, the property owner has also exhausted available state compensation remedies.  *Id.* at 720-21.  Because Restigouche has not made use of the Florida remedies available for receiving just compensation, *see Barima Inv. Co., Inc. v. United States,* 771 F.Supp. 1187, 1189 (S.D.Fla.1991) (recognizing that inverse condemnation action available in Florida state courts), *aff'd,* 959 F.2d 972 (11th Cir.1992), Restigouche's just compensation taking claim is also premature on this alternate ground.

[3]Restigouche does not argue that violation of Rule 56(c) affects our ripeness inquiry;  i.e., Restigouche does not assert it has been prevented from presenting evidence relevant to the ripeness analysis.  We do not find additional evidence relevant to the ripeness question in the record and proffered supplemental materials, nor does Restigouche assert that additional evidence relevant to ripeness exists.

magistrate court denied Restigouche's motion to supplement the record and granted summary judgment favor of the Town. Restigouche argues that this sequence of events violated the 10-day notice rule.

Even if notice was insufficient under Rule 56(c),[4] we find this error harmless. *Donaldson v. Clark,* 819 F.2d 1551, 1555 n. 3 (11th Cir.1987) (en banc) (violation of 10-day notice rule harmless error in limited circumstances). The purpose of the 10-day notice rule is to give the non-moving party notice and a 10-day window of opportunity to marshal its resources and present any additional materials and arguments in opposition to the motion. *Id.* at 1555. We are convinced that we have before us, on de novo review of the summary judgment motion, all of the facts and arguments that Restigouche would have or could have presented had Restigouche been given the required notice. The magistrate court denied Restigouche's December 2, motion to supplement because Restigouche failed to identify the specific portions of the supplemental

---

[4]We expressly do not decide whether the magistrate court violated the 10-day notice rule. Although the court heard oral argument on the summary judgment motion only 2 days after giving notice, the summary judgment order was rendered more than 10 days after the parties were telephonically informed that the motion would be taken under advisement, and also more than 10 days after the parties were heard in chambers at the pretrial status conference. In the interim, Restigouche could have taken advantage of Rules 56(e) and 56(f) to supplement the record, *see* Fed.R.Civ.Pro. 56(e) ("The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.") and 56(f) (party may petition the court for additional time to permit further evidence to be obtained), and in fact did make a motion to supplement. Thus, Restigouche arguably had notice and at least 10 days to present additional materials as required by the 10-day notice rule. However, we need not decide whether the requirements of Rule 56(c) were satisfied because we hold that any alleged violation under the facts of this case is harmless error.

materials which would create material issues of fact.[5]  Moreover, our independent review of the proffered supplemental materials discloses no genuine issues which would prevent summary judgment. Finally, Restigouche has now had ample opportunity to marshal facts and arguments, and does not assert on appeal that there exists additional evidence, beyond the record and the proffered supplemental material, which would create material issues of fact. Because Restigouche has not been deprived of the opportunity to present facts or arguments which would have precluded summary judgment in this case, any violation of the 10-day notice rule is harmless.  *See Denis v. Liberty Mut. Ins. Co.*, 791 F.2d 846, 850 (11th Cir.1986) (If the parties made all the arguments and submitted all documents that they would have presented had they received proper notice, failure to give required notice is not reversible error).

## IV. SUBSTANTIVE DUE PROCESS

We review the magistrate court's grant of summary judgment de novo.  *Vernon v. Resolution Trust Corp.*, 907 F.2d 1101, 1104 (11th Cir.1990).  Summary judgment is appropriate if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

---

[5]The magistrate court did not err in denying this motion to supplement.  The onus was on Restigouche to point to the specific portions of the proffered material which created a material issue of fact.  *See* Fed.R.Civ.P. 56(e) ("[A]n adverse party may not rest upon ... mere allegations or denials ..., but ... must set forth specific facts showing that there is a genuine issue for trial.").  We do not require trial courts to search the record and construct every argument that could have been made based upon the proffered materials.  *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir.1995).

Fed.R.Civ.P. 56(c). However, "[t]he mere existence of a factual dispute will not defeat summary judgment." *Haves v. City of Miami,* 52 F.3d 918, 921 (11th Cir.1995). To preclude summary judgment, such factual dispute must be both relevant and genuine, i.e., material to an issue affecting the outcome of the case and supported by evidence sufficient for a reasonable jury to return a verdict in favor of the non-moving party. *Id.*

Substantive due process challenges to zoning regulations are analyzed under the rational basis standard. *Greenbriar, Ltd. v. City of Alabaster,* 881 F.2d 1570, 1577 (11th Cir.1989). Under this standard, a zoning decision will be upheld if it has a "rational relationship with a legitimate general welfare concern." *Corn v. City of Lauderdale Lakes,* 997 F.2d 1369, 1388 (11th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 1400, 128 L.Ed.2d 73 (1994). Our recent *Haves v. City of Miami* decision sets out a two-step procedure determining whether a zoning decision survives such rational basis scrutiny. 52 F.3d at 921-24.[6] "The first step in determining whether legislation survives rational-basis scrutiny is identifying a legitimate government purpose—a goal—which the enacting government body *could* have been pursuing." *Id.* at 921 (emphasis in original). The Town asserts that the Comprehensive

---

[6]*Haves* involves an equal protection challenge to a zoning ordinance. However, the rational basis inquiry is the same for equal protection and substantive due process challenges to zoning. *Grant v. Seminole County, Fla.,* 817 F.2d 731, 735 (11th Cir.1987) (analyzing plaintiff's equal protection and due process challenges to zoning ordinance under same rational basis standard); *see also In re Wood,* 866 F.2d 1367, 1371 (11th Cir.1989) (The standard for evaluating substantive due process challenges to social and economic legislation, the "rational basis test," "is virtually identical to the "rational relationship' test for evaluating equal protection claims.").

Plan and IOZ Regulations reflect its concern with preserving and establishing an aesthetically-pleasing corridor along Indiantown Road, and its goal of creating an identifiable, traditional downtown.  It is well settled that the maintenance of community aesthetics is a legitimate government purpose.    *Id.* at 922-23 (Prevention of "visual intrusions" created by houseboats a legitimate governmental goal);  *see also Corn,* 997 F.2d at 1387 ("[T]he Supreme Court and this court have repeatedly held ... noise, traffic, congestion, safety, aesthetics, valuation of adjoining land, and effect on city services ... are rational and permissible bases for land use restrictions.").

"The second step of rational-basis scrutiny asks whether a rational basis exists for the enacting government body to believe that the legislation would further the hypothesized purpose.  "The proper inquiry is concerned with the *existence* of a conceivably rational basis, not whether that basis was actually considered by the legislative body.' "  *Id.* at 922 (quoting *Panama City Medical Diagnostic, Ltd. v. Williams,*  13 F.3d 1541, 1547 (11th Cir.) (emphasis in original), *cert. denied,* --- U.S. ----, 115 S.Ct. 93, 130 L.Ed.2d 44 (1994)).  To further the goal of creating a traditional main street, the Town sought to encourage retail uses along Indiantown Road which would serve the everyday needs of nearby residents, promote pedestrian traffic, and have a character consistent with the neighboring residential developments.  The Town could have reasonably believed that the purchase of an automobile is not an everyday need, that the typically large lot of an automobile dealership might break up the pedestrian flow between

retail establishments, and that such dealerships might disrupt the planned residential character of the street with bright lights, red flags and flashy signage. Thus, we readily conclude that the prohibition of car dealerships could rationally further the Town's legitimate aesthetic purposes and its goal of creating a traditional downtown.

As long is there is "plausible, arguable legitimate purpose" for the application of the IOZ regulations to Maplewood, summary judgment is appropriate unless Restigouche can demonstrate that the Town could not possibly have relied on that purpose. *Haves,* 52 F.3d at 923. Although Restigouche points to several factual disputes, none of these disputes are material to this issue. Restigouche's argument, in essence, is that the evidence creates factual disputes over: (1) whether the Town's aesthetic goals can be achieved without banning car sales on the Maplewood property; and (2) whether the IOZ Regulations permit other uses that are just as aesthetically displeasing, and inconsistent with the other stated purposes of the Comprehensive Plan, as car dealerships.[7] However, that there are other, even more effective, ways to further the Town's legitimate purpose does not create a material issue as to whether the chosen method, prohibition of car sales in the Indiantown Road Corridor, furthers that purpose. Thus, the

---

[7]Restigouche also implies that the facts underlying its pendent state law estoppel claim are so egregious as to rise to the level of a constitutional claim. We conclude that Restigouche's proffered evidence falls far short. For example, although we have assumed *arguendo* some sort of vested right, Restigouche concedes that the zoning regulations at the time of Restigouche's application required a special exception for Restigouche's intended use.

magistrate judge did not err in granting summary judgement in favor of the Town.

## V. CONCLUSION

For the foregoing reasons, we affirm the magistrate court's grant of summary judgment in favor of the Town and against Restigouche.

AFFIRMED.