[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 06-13585

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00094 CV-1-SPM-AK

WATSON CONSTRUCTION COMPANY,

Plaintiff-Appellant,

versus

CITY OF GAINESVILLE,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

**(June 18, 2007)**

Before ANDERSON, BARKETT and COX, Circuit Judges.

PER CURIAM:

Watson Construction Company, Inc. (Watson) appeals following the district

court's grant of summary judgment in favor of the City of Gainesville (the City) on

all claims. Watson's complaint asserts the following claims: substantive due process

(Count I); equal protection (Count II); procedural due process (Count III); a state law claim alleging a violation of Florida Statutes Section 166.041 (Count IV); a state law claim alleging intentional interference with a contract and/or business relationship (Count V); and both a federal and state law takings claim (Counts VI and VII). (R.1-1, Second Amended Complaint.)  The district court granted the City's motion for summary judgment on all claims, concluding that all the claims other than the takings claims were meritless, and that it lacked subject matter jurisdiction of the takings claims because neither the federal nor state law takings claims were ripe. (R.19-191.)

On appeal, Watson contends that the district court erred in granting summary judgment on each of its claims.  And, Watson contends that the district court should have remanded its state law takings claim to state court.[1]

We conclude that the district court properly determined that the City was due judgment on the merits on all of Watson's federal claims except the takings claim,

---

[1]Watson also asserts error in the district court's denial of his motion for partial summary judgment.  Despite Watson's contention to the contrary, the district court addressed, considered, and properly denied Watson's motion for partial summary judgment.  Watson failed to preserve the argument it now makes claiming that its application was an amendment to the Yelvington site plan because Watson did not present this argument to the City Commission, the state court, or the district court. *See In re Pan Am. World Airways, Inc.*, 905 F.2d 1457, 1461-62 (11th Cir. 1990) (stating the well-established rule that a "federal appellate court will not, as a general rule, consider an issue that is raised for the first time on appeal").  Accordingly, we decline to address this agrument.

We also reject Watson's argument that the district court abused its discretion in denying Watson's motion to strike the City's countermotion for summary judgment.  Watson fails to identify what facts it claims were undisputed and what statements it believes were inadmissible.

and properly concluded that it lacked subject matter jurisdiction of the federal takings claim. The court erred, however, in its analysis of the state law takings claim. We briefly address each claim in turn.

The district court properly analyzed Watson's substantive due process claim. The district court reviewed this claim under the correct standard. *See Restigouche, Inc. v. Town of Jupiter*, 59 F.3d 1208, 1214 (11th Cir. 1995) (explaining "[s]ubstantive due process challenges to zoning regulations are analyzed under the rational basis standard").

Watson's equal protection claim fails because Watson never identified any similarly situated comparators. *See Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1552 (11th Cir. 1991) (rejecting an equal protection claim because of insufficient allegations that the state treated plaintiffs "differently than other similarly situated property owners").

We find no error in the district court's rejection of Watson's procedural due process claim. The City's action in passing the moratorium ordinance constituted a legislative act. *See 75 Acres, LLC v. Miami-Dade County, Fla.*, 338 F.3d 1288, 1294 (11th Cir. 2003) (explaining "if government action is viewed as legislative in nature, property owners generally are not entitled to procedural due process"). Overwhelming

evidence establishes that the enactment of the moratorium was a legislative act and Watson presents no substantial evidence to the contrary.

Watson's argument that the district court erred in finding that the City did not violate Florida Statutes Section 166.041 is similarly without merit. Section 166.041 provides that an ordinance becomes effective 10 days after passage unless otherwise provided therein. Watson contends that the City Commission established a retroactive effective date for the moratorium ordinance, meaning the ordinance was in violation of Section 166.041. The district court correctly found that the statute is not applicable in this case.

We also agree with the district court that under Florida law, the third element a plaintiff must prove in order to prevail on a claim of tortious interference with a business relationship is "an intentional and unjustified interference with the relationship by the defendant." *Pilkington v. United Airlines*, 112 F.3d 1532, 1540 (11th Cir. 1997). We reject Watson's suggestion that a properly enacted moratorium can "intentionally and unjustifiably" interfere with the contract between Watson and Yelvington.

Finally, we agree with the district court that Watson's federal takings claim is not ripe and, consequently, federal courts are without jurisdiction over it. Because Florida law provides an adequate procedure for seeking just compensation under an

4

inverse condemnation claim, Watson's federal claim is not ripe "until it has used the procedure and been denied just compensation."[2] *Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195, 105 S. Ct. 3108, 3121 (1985). Watson has not been denied relief on his state law takings claim. Thus, dismissal of the federal takings claim was proper.[3]

The district court also found that it lacked subject matter jurisdiction of Watson's state law inverse condemnation claim. The ripeness rationale underlying the district court's treatment of the federal takings claim has no application to Watson's state law inverse condemnation claim, but it was on this rationale that the court concluded it lacked jurisdiction of the claim. This was error. Watson argues we should remand the claim to state court, but he made no such argument in the district court, and this issue is properly addressed to the district court in the first instance. Thus, we vacate the district court's decision granting summary judgment in favor of the City with respect to Watson's state law inverse condemnation claim, and remand that claim to the district court for further proceedings not inconsistent with this opinion, which, of course, could include consideration of remanding that

---

[2] It is clear that Florida law provides an inverse condemnation remedy. *See, e.g., Reahard v. Lee County*, 30 F.3d 1412, 1417 (11th Cir. 1994).

[3] The Clerk's Judgment entered summary judgment "in favor of the Defendant City of Gainesville on all counts." More properly, the district court should have dismissed the federal takings claim for lack of jurisdiction.

claim to the state court. *See, e.g., Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619 n.7 (1988) (recognizing that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims").

Accordingly, we affirm judgment of the district court in all respects, except with respect to Watson's state law inverse condemnation claim. With respect to that claim only, we vacate the judgment of the district court and remand with the instructions set out above.

**AFFIRMED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS.**