[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10152
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-02851-CEH-TGW

STEPHEN J. DIBBS,

Plaintiff - Appellant,

versus

HILLSBOROUGH COUNTY, FLORIDA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 17, 2015)

Before HULL, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Stephen J. Dibbs appeals the district court's grant of summary judgment to Hillsborough County in this 42 U.S.C. § 1983 suit.  Dibbs contends that the county's Community Plan, which governs various aspects of land-use and development, is unconstitutional.  After careful review, we affirm.

## I

Almost fifteen years ago, Hillsborough County adopted the Community Plan to guide development in the Keystone-Odessa area in the northwestern part of that county.  The Plan was intended to preserve the "predominant[ly] rural residential character" of the community as an "area of lakes, agricultural activities, and homes built on varied lot sizes and in a scattered development pattern."  And consistent with this purpose, it sets out guidelines for the use of land in that area, including for the density of new residential developments, construction of streets and roadways, and use of natural resources.[1]

After the Plan had been adopted, Dibbs purchased three pieces of real property in the Keystone area: one piece near Lake LeClare, one piece near Gunn Highway and North Mobley Road, and one piece near Lutz Lake Fern Road and the Suncoast Expressway.  The county rejected several of Dibbs's proposals for these properties as inconsistent with its Community Plan.  For instance, Dibbs

---

[1] Under Florida law, "all development undertaken by, and all actions taken in regard to development orders by, governmental agencies . . . shall be consistent" with an adopted community plan.  Fla. Stat. § 163.3194(1)(a).  Further, all of the county's land development regulations must be consistent with the plan.  See id. § 163.3194(1)(b).

unsuccessfully applied to re-zone his Lake LeClare property so that he could build a golf course. Similarly, he unsuccessfully applied to opt out of the Plan altogether and join the Lutz Community Plan, which would have permitted him to build a denser residential development.

Citing these grievances and others, Dibbs brought this § 1983 suit against Hillsborough County, raising both facial and as-applied Due Process and Equal Protection claims, as well as claims under Florida law. In a thorough, well-reasoned order, the district court granted Hillsborough County's motion for summary judgment as to each federal claim, and dismissed the remaining state law claims without prejudice so that they could be resolved in state court. On appeal, Dibbs contends that the district court erred in its resolution of his facial and as-applied substantive Due Process claims, and his as-applied Equal Protection claim.[2]

We review <u>de novo</u> the district court's grant of summary judgment, "considering all evidence and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." <u>OSI, Inc. v. United States</u>, 525 F.3d 1294, 1297 (11th Cir. 2008). We address each of Dibbs's arguments in turn.

---

[2] Dibbs's complaint also raised a procedural Due Process claim. Because he advances no argument regarding this claim on appeal, the issue is waived. <u>See</u> <u>Greenbriar, Ltd. v. City of Alabaster</u>, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

## II

We first consider Dibbs's argument that the Community Plan is unconstitutional, both on its face and as applied to him, because it violates his substantive Due Process rights. We analyze his challenges under the rational basis standard. Restigouche, Inc. v. Town of Jupiter, 59 F.3d 1208, 1214 (11th Cir. 1995). As a result, the Plan will be upheld if it "has a rational relationship with a legitimate general welfare concern." Id.

We use a two-step procedure for determining whether the Community Plan is constitutional. "The first step . . . is identifying a legitimate government purpose—a goal—which the enacting government body could have been pursuing." Id. "The second step . . . asks whether a rational basis exists for the enacting government body to believe that the legislation would further the hypothesized purpose." Id.

Dibbs's substantive Due Process claims fail under this framework. First, the Community Plan's goals are evident from the document itself. They include preserving natural areas and resources, maintaining ecological balance, improving design aesthetics, and protecting the area from suburban and urban sprawl. There is no serious question that these are all legitimate government goals. See id. ("It is well settled that the maintenance of community aesthetics is a legitimate

4

government purpose."). Second, there exists a rational basis for Hillsborough County to believe that its adoption of the Community Plan—and the Plan's application to Dibbs's property—furthers these goals.[3] For instance, there is a rational relationship between the county's goal of maintaining ecological balance and its refusal to allow Dibbs to construct a golf course on his Lake LeClare property. Similarly, the county's refusal to allow Dibbs to build a dense residential development on his Lutz Lake Fern Road property is rationally related to the its goal of protecting the area from urban sprawl. These are "plausible, arguably legitimate purpose[s]" for both the Community Plan and its application to Dibbs. Haves v. City of Miami, 52 F.3d 918, 923 (11th Cir. 1995). Thus, we affirm the district court's grant of summary judgment to Hillsborough County on Dibbs's Due Process claims.[4]

### III

We next consider Dibbs's as-applied Equal Protection claim. The crux of his argument is that Hillsborough County has singled him out for disparate treatment because of "vindictiveness, maliciousness, animosity, spite or other reasons unrelated to a legitimate government interest." He specifically points a

---

[3] Dibbs does not dispute that his property falls within the area governed by the Community Plan.

[4] The district court held that Dibbs's facial Due Process claim was time-barred. Because we may affirm "for any reason supported by the record," United States v. Chitwood, 676 F.3d 971, 976 (11th Cir. 2012), we need not reach the issue of whether Dibbs's claim was timely.

number of decisions the county made pursuant to the Community Plan, such as denying his application for rezoning or delaying his applications for land excavation.

To succeed on his Equal Protection Claim, Dibbs "must show (1) that [he was] treated differently from other similarly situated individuals, and (2) that Defendant unequally applied a facially neutral ordinance for the purpose of discriminating against [him]."  Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006).  Because Dibbs does not allege discrimination against a protected class, we apply the "similarly situated" requirement rigorously.  Leib v. Hillsborough Cnty. Pub. Transp. Comm'n, 558 F.3d 1301, 1306 (11th Cir. 2009) ("With respect to the first prong, we have frequently noted that the 'similarly situated' requirement must be rigorously applied in the context of 'class of one' claims.").

As the district court correctly explained, Dibbs's Equal Protection claim fails because he has not met his burden in identifying "similarly situated" individuals. For instance, although he claims that he was treated disparately in relation to others who succeeded in opting out of the Community Plan, he conceded in his deposition that he was not aware of anyone in the Keystone area who was able to opt out.  We find no error in the district court's grant of summary judgment to Hillsborough County on Dibbs's Equal Protection Claim.

**AFFIRMED.**