**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-14020
Non-Argument Calendar
_____

DEBORAH GREY,

                                                            *Plaintiff-Appellant,*

*versus*

VENGROFF WILLIAMS, INC.,
SECOND LOOK, INC.,

                                                            *Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-00687-KKM-CPT
_____

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Deborah Grey appeals the district court's grant of summary judgment to Vengroff Williams, Inc. and Second Look, Inc., a division of Vengroff that sells subrogation services (collectively, "Second Look"), in her employment discrimination and retaliation suit based on disability and age.  On appeal, Grey argues that: (1) the district court erred in finding that she had not established a prima facie case of disability discrimination, which led the court to incorrectly determine that Second Look did not act with pretext in her firing; and (2) the court erred in finding that her proposed comparator was not similarly situated to her for purposes of her age discrimination claim.  After careful review, we affirm.

## I.

We review the grant of summary judgment de novo. *Rosado v. Sec., Dep't of the Navy*, 127 F.4th 858, 864 (11th Cir. 2025).  We "may affirm on any ground that is supported by the record." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1210 (11th Cir. 2020) (citation modified).  Further, an argument "raised for the first time on appeal" is deemed waived if it was not presented in the district court, except under special circumstances. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004).

## II.

First, we are unpersuaded by Grey's claim that the district court erred in holding, on summary judgment, that she did not establish a prima facie case of disability discrimination.  Summary judgment should be granted only if there is no genuine dispute of material fact, viewing evidence in the light most favorable to the

non-movant. *Rosado*, 127 F.4th at 864.  There is a genuine issue if a reasonable jury could return a verdict for the non-movant. *Id.* More than a scintilla of evidence is required. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Under the anti-discrimination provision in the Americans with Disabilities Act ("ADA"), an employer may not "discriminate against a qualified individual on the basis of disability in regard to . . . the . . . discharge of employees . . . , and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  To state a claim under the ADA, the "plaintiff must establish (1) that [s]he is a qualified individual with a disability; (2) that [s]he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019) (citation modified).  The term "disability" includes "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(1).  Being "regarded as" having a disability requires establishing that the employee has been subjected to prohibited conduct because of an actual or perceived physical or mental impairment, whether or not the impairment limits or is perceived to limit a major life activity.  *Id.* § 12102(3)(A).

Courts have traditionally evaluated ADA disparate treatment claims based on circumstantial evidence (*i.e.*, those alleging discriminatory treatment because of disability, rather than a failure to accommodate disability) under the burden-shifting evidentiary framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Akridge v. Alfa Ins. Co.*, 93 F.4th 1181, 1191 (11th Cir. 2024). This framework requires the plaintiff first to show a prima facie case giving rise to a presumption of disability-based discrimination, then requires the defendant to proffer a legitimate, nondiscriminatory reason for the employment decision, and lastly requires the plaintiff to show the proffered reason was pretextual. *Id.*

Recently, we said that our precedent "makes clear that a plaintiff who cannot establish the *McDonnell Douglas* prima facie case is entitled to a full review under the convincing mosaic standard." *Ismael v. Roundtree*, 161 F.4th 752, 761 (11th Cir. 2025). We rejected the notion that *McDonnell Douglas*'s pretext prong was the same as the convincing mosaic inquiry, clarifying that although "both inquiries are probative of the same ultimate question, . . . they are not identical." *Id.* We explained that the convincing mosaic metaphor is a stand-in for the Rule 56 standard, and that Supreme Court precedent did not intend for pretext to be the sole determinate at any stage of litigation. *Id.* at 761–63. Thus, "summary judgment should not be granted for failure to demonstrate pretext unless it also reflects a failure to put forward enough evidence for a jury to find for the plaintiff on the ultimate question of discrimination or retaliation." *Id.* at 763 (citation modified).

We also acknowledged that if a district court's conflation of pretext with the standard to survive summary judgment is an error "in name only" and the court "considered all appropriate evidence," then "it might have been a harmless error." *Id.* However, in *Ismael*, the court's error was not harmless because the court had "focused narrowly on the defendant's purported rationale and ignored other evidence probative of Appellees' illicit intent." *Id.* at 763–64. In particular, the court described several facts relevant to discriminatory intent that it rejected purely because those facts did not disprove the employer's proffered reason. *Id.* We emphasized that "evidence does not need to attack -- or even have anything to do with -- the defendant's purported rationale to help raise an inference of discrimination." *Id.* at 764. We reversed because the district court "only analyzed [the plaintiff]'s claim through the narrow lens of *McDonnell Douglas* pretext." *Id.*

We then provided "instruction[s] for district courts to properly review summary judgment motions," setting out a "roadmap" that differs depending on whether the plaintiff can demonstrate a prima facie case. *Id.* If the plaintiff establishes a prima facie case and "the defendant comes forth with evidence and successfully rebuts the presumption" of illicit intent, then "the *McDonnell Douglas* framework -- with its presumptions and burdens -- is no longer relevant. . . . It simply drops out of the picture." *Id.* at 764 (citation omitted) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510–11 (1993)). "At this point, the court must proceed to ask whether the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence

that would allow a jury to infer intentional discrimination [or retaliation] by the decisionmaker." *Id.* (citation modified). A showing of pretext or lack thereof is relevant at that point but not dispositive for purposes of summary judgment. *Id.* On the other hand, if the plaintiff cannot establish a prima facie case, then the court "should advance directly to the convincing mosaic inquiry." *Id.* at 765.

A plaintiff will survive summary judgment if she presents a "convincing mosaic of circumstantial evidence" that would allow a jury to infer intentional discrimination. *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (citation modified). Any kind of evidence that raises a triable issue of discriminatory intent is sufficient, though we've examined these examples of circumstantial evidence under this approach: (1) animus against non-comparators in the plaintiff's protected class; (2) whether the employer had a reason to discriminate; (3) suspicious timing, ambiguous statements, and other "bits and pieces" suggesting discriminatory intent; (4) differential treatment of similarly situated employees; (5) whether the employer's justification is pretextual; and (6) whether the decision was extraordinarily arbitrary. *See id.* at 1341–46; *Lewis v. City of Union City* ("*Lewis II*"), 934 F.3d 1169, 1185 (11th Cir. 2019).

Here, Grey does not challenge the district court's ultimate finding that she could not prove that Second Look fired her for pretextual reasons; she argues that the district court erred by suspecting that she had not made out a prima facie case of disability discrimination. However, as the record reflects, the district court assumed she had made out a prima facie case and still found she could

not prove discriminatory pretext.  Thus, we need not reach whether the district court was correct to suspect that Grey could not make out a prima facie case of discrimination, because the result is unnecessary to the district court's ultimate finding that Grey failed to show Second Look fired her for pretextual discriminatory reasons.  *See Petland, Inc.*, 972 F.3d at 1210; *Akridge*, 93 F.4th at 1196.

Moreover, the district court substantively considered all the relevant evidence under Rule 56 and did not err in concluding that "Grey has not presented a 'convincing mosaic' that would allow a reasonable jury to conclude that defendants discriminated against her."  Grey says her convincing mosaic showing should have survived summary judgment based on the temporal proximity between her firing and a meeting she asked to attend virtually.  However, the undisputed record reveals that a different, intervening meeting -- on May 4, when management expressed displeasure with her attitude, tone, and lack of productivity -- was the reason she was fired.  The record does not otherwise contain evidence of suspicious timing, ambiguous statements, or systematically better treatment of similarly situated employees.  Without any genuine dispute about a convincing mosaic of circumstantial evidence of discrimination, we affirm the grant of summary judgment as to the disability discrimination claim.  *Ismael*, 171 F.4th at 763.

## III.

We are also unconvinced by Grey's argument that the district court erred in holding, on summary judgment, that her proposed comparator was not similarly situated to her for purposes of

her age discrimination claim. The Age Discrimination in Employment Act ("ADEA") makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The prohibitions under the ADEA are limited to individuals who are at least 40 years old. *Id.* § 631(a). "To assert an action under the ADEA, an employee must establish that h[er] age was the 'but-for' cause of the adverse employment action." *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015). This can be shown through either circumstantial or direct evidence. *Id.*

Courts have traditionally evaluated ADEA claims that are based on circumstantial evidence using the burden-shifting evidentiary framework established in *McDonnell Douglas*. *Id.* Under this framework, first, the plaintiff must establish a prima facie case of age discrimination by showing: "(1) [s]he was a member of the protected group between the age of forty and seventy; (2) [s]he was subject to an adverse employment action; (3) a substantially younger person filled the position from which [s]he was discharged; and (4) [s]he was qualified to do the job from which [s]he was discharged." *Id.* The prima facie case creates a presumption of unlawful discrimination. *Id.* If an employee establishes a prima facie case of age discrimination, the burden shifts to the employer to rebut the presumption by articulating legitimate, nondiscriminatory reasons for the challenged employment actions. *Id.* Finally, if the employer provides a legitimate, nondiscriminatory reason,

the burden shifts back to the employee to show that the proffered reason was pretextual. *Id.*

A fellow employee is "similarly situated" when they are "similarly situated in all material respects" or "cannot reasonably be distinguished." *Lewis v. City of Union City* ("*Lewis I*"), 918 F.3d 1213, 1224, 1228 (11th Cir. 2019) (en banc) (citation modified). This generally requires the comparator to: (1) "have engaged in the same basic conduct (or misconduct)"; (2) "have been subject to the same employment policy, guideline, or rule"; (3) "have been under the jurisdiction of the same supervisor"; and (4) "share the plaintiff's employment or disciplinary history." *Id.* at 1227–28. We have held that an employee who is three years younger than a plaintiff is "substantially younger" than the plaintiff. *Carter v. DecisionOne Corp.*, 122 F.3d 997, 1003–04 (11th Cir. 1997).

Again, as we've explained, a plaintiff will survive summary judgment if she presents evidence that would support a reasonable inference that she suffered intentional discrimination; a district court must not grant summary judgment solely due to the plaintiff's failure to satisfy a step of *McDonnell Douglas*. *Ismael*, 161 F.4th at 763–65; *Smith*, 644 F.3d at 1328. Further, we need not remand if the district court appropriately evaluated all evidence under the Rule 56 standard or if the record contains no evidence that would create a genuine dispute of material fact. *Ismael*, 161 F.4th at 763.

In summary judgment proceedings, the district court must afford the nonmovant a meaningful opportunity to challenge the summary judgment motion. *Massey v. Cong. Life Ins. Co.*, 116 F.3d

1414, 1417 (11th Cir. 1997); *see generally* Fed. R. Civ. P. 56.  However, where a party has "not been deprived of the opportunity to present facts or arguments which would have precluded summary judgment in this case, any violation of the . . . notice rule is harmless."  *Restigouche, Inc. v. Town of Jupiter*, 59 F.3d 1208, 1213 (11th Cir. 1995) (concerning the 10-day notice rule of Rule 56(c)); *Johnson v. NPAS Sols.*, LLC, 975 F.3d 1244, 1254 (11th Cir. 2020) (noting, generally, that "if a district court's misapplication of a Federal Rule doesn't deny a party the opportunity to present arguments that would have changed the outcome, the error is harmless").

Here, the district court did not err in finding that Maryann Vitkievicz was not a valid comparator to Grey for purposes of Grey's age discrimination claim because they were not similarly situated in all material respects.  While Vitkievicz is ten years younger than Grey and they were under the same supervisor, the undisputed record shows that their employment responsibilities differed.  *Carter*, 122 F.3d at 1003–04.  For starters, Grey's responsibilities were focused on selling subrogation insurance, but Vitkievicz's responsibilities were broader, including developing a new sales market and creating a new company website -- so the two were not subject to the same employment terms.  *See Lewis I*, 918 F.3d at 1227–28.  Further, while Vitkievicz later experienced sales issues and acted improperly in the eyes of the relevant decisionmakers, her misconduct did not occur during the same time period as Grey's, which occurred during her initial probationary 60 days of employment.  During this period, Grey's supervisors found her job performance unsatisfactory, found her disrespectful, and

thought she wanted to lie to a potential client; by contrast, the same senior staff reported no issues with Vitkievicz in her early employment. On this undisputed record, the two were not similarly situated during the relevant time period.

Moreover, to the extent the district court erred in considering new evidence that Second Look submitted in reply at the summary judgment stage, that error is harmless. *Restigouche, Inc.*, 59 F.3d at 1213. Notably, the district court considered this evidence only to support the nature of certain meetings, which was not determinative as to whether Grey and Vitkievicz were similarly situated. *Massey*, 116 F.3d at 1417; *see generally* Fed. R. Civ. P. 56. Indeed, Grey does not even argue on appeal that if she had responded to the new evidence, she could have created a factual dispute about whether they were similarly situated; as we've detailed, Grey and Vitkievicz had different work responsibilities, early work performance, and amounts of misconduct.

Finally, there is no convincing mosaic of age discrimination. As the undisputed record reflects, no reasonable jury could infer that Second Look discriminated against Grey because of her age from the evidence of how Second Look treated Vitkievicz or any other evidence in the record. *Ismael*, 161 F.4th at 763–65; *Smith*, 644 F.3d at 1328.

**AFFIRMED.**